**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICHOLAS K. VIEIRA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> COUNTY OF SACRAMENTO; JOSEPH ZALEC, <br><br> Defendants-Appellees, <br><br> and <br><br> CITY OF ANTIOCH, <br><br> Defendant. | No. 20-15594 <br><br> D.C. No. 3:18-cv-05431-VC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted June 14, 2021[**]
San Francisco, California

Before: SCHROEDER, M. SMITH, and VANDYKE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Joseph Zalec, an off-duty police officer, shot Nicholas Vieira after multiple confrontations. Vieira brought claims under 42 U.S.C. § 1983 and state law claims for negligence and battery, suing Zalec, the County of Sacramento (Zalec's employer), and the City of Antioch.[1] The district court granted summary judgment to the County and Zalec on Vieira's § 1983 and negligence claims, while the battery claim proceeded to trial, where Zalec was found not liable. Vieira appeals the district court's partial grant of summary judgment for the County and Zalec. He also appeals an order granting Zalec's motions in limine to exclude Vieira's self-defense argumentation and testimony from a use-of-force expert.

We review de novo a grant of summary judgment, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004), and review evidentiary rulings for an abuse of discretion, *United States v. Beltran*, 165 F.3d 1266, 1269 (9th Cir. 1999). We affirm the district court.

1.    The district court properly granted summary judgment for Zalec on Vieira's § 1983 claim. To be subject to § 1983 liability, Zalec must have been (1) "purporting … to act in performance of his … official duties," which (2) "had the purpose and effect of influencing the behavior of others," and (3) "the challenged conduct must [have been] 'related in some meaningful way … to the officer's

---

[1] The City of Antioch asserted a *Heck v. Humphrey*, 512 U.S. 477 (1994) defense to wrongful arrest and was dismissed prior to this appeal.

governmental status.'" *Anderson v. Warner*, 451 F.3d 1063, 1068–69 (9th Cir. 2006) (internal citations omitted).

Vieira's third amended complaint repeatedly states that Zalec shot Vieira "without identifying himself as a police officer," making it clear Vieira did not perceive Zalec as "purporting … to act in performance of his … official duties." *Id.* at 1069. And nothing in Vieira's own testimony indicates that any aspect of his behavior before or during the altercation was influenced by knowledge of Zalec's deputy position. The district court properly determined that Zalec was not acting under color of law when he shot Vieira. *See Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998).[2]

2. The district court properly determined that the County was not liable for Vieira's state law claims under a theory of respondeat superior. Under California law, "[t]o recover under respondeat superior, plaintiff bears the burden of proof to demonstrate that the employee's tortious act was committed within the scope of his employment." *Perez v. Van Groningen & Sons, Inc.*, 719 P.2d 676, 679 (Cal. 1986). When "a government officer does not act … under color of state law, then that government officer acts as a private citizen" and outside the scope of

---

[2] The district court properly granted summary judgment for the County on Vieira's § 1983 claim. Vieira acknowledged that he waived his *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) claim against the County prior to summary judgment.

3

employment. *Van Ort v. Est. of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Because the district court properly found that Zalec was not acting under color of law, he was also not acting within the scope of his employment with the County, eliminating any liability under respondeat superior.

3. The district court properly granted summary judgment for Zalec on Vieira's negligence claim. Vieira did not raise the argument before the district court that Federal Rule of Evidence 410 prohibited the court from considering his no contest convictions. Vieira thus "waived any challenge … by not objecting to" the defendants' arguments on summary judgment regarding Vieira's no contest convictions for brandishing and stalking. *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018).

4. The district court did not abuse its discretion in prohibiting Vieira from making a self-defense argument at trial. California law incorporates the *Heck* bar to apply to state law claims, and "we assume that a plea of nolo contendere in a California criminal action has the same effect as a guilty plea for *Heck* analysis." *Ove v. Gwinn*, 264 F.3d 817, 823 n.4 (9th Cir. 2001). Vieira pled no contest to misdemeanor brandishing, which applies to "[e]very person who, *except in self-defense*, in the presence of any other person, draws or exhibits any deadly weapon … in a rude, angry, or threatening manner." Cal. Penal Code § 417(a)(1) (emphasis added). Vieira thus could not claim he was acting in self-defense while holding the

4

"tire buddy" without invalidating an element of his prior brandishing conviction in violation of *Heck*.

5.      The district court did not abuse its discretion in excluding Vieira's use-of-force expert.  The district court found that Vieira's expert was "not qualified to reconstruct the shooting," that the expert's methodology was unreliable, and that the resulting testimony on civilian use-of-force would be inappropriate in any event. The court may affirm the district court on the ground that the expert's scene reconstruction lacked reliability.  *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146–47 (1997) (determining that a district court can exclude an expert opinion when "there is simply too great an analytical gap between the data and the opinion proffered").  Vieira does not dispute the expert's reliability on appeal and thus waives this argument. *Int'l Union of Bricklayers & Allied Craftsman Loc. Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404–05 (9th Cir. 1985).

**AFFIRMED**